IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALTHA CAROL RITTER, individually, as )
surviving spouse and heir at law of John )
Jewel Ritter, deceased, and as Administratrix)
of the ESTATE OF JOHN JEWEL RITTER,)
                                                        )
                **Plaintiff,**    )
                                                          )
v.                                                         )
                                                         )    No. 11-1100-CM
**JOHN P. GORECKI, M.D.,**      )
                                                         )
                **Defendant.**    )
                                                         )

## MEMORANDUM AND ORDER

This diversity medical negligence action arises out of the death of John Ritter following a cervical diskectomy and fusion performed by defendant John P. Gorecki, M.D. Plaintiff has not yet obtained a medical expert report from her expert. Because the expert disclosure deadline in the case has passed, defendant filed a motion for summary judgment, asking the court to grant judgment in his favor based on plaintiff's lack of expert testimony to support her case. In response, plaintiff filed Plaintiff's Motion to Voluntarily Dismiss or in the Alternative Motion to Extend Deadline to Designate Expert Witness (Doc. 30). The case is now before the court on that motion. For the following reasons, the court grants the motion.

**I.**    **Standard of Review**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), the court may allow a party to voluntarily dismiss an action "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). "The rule is designed primarily to prevent voluntary dismissals which unfairly

affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quotation omitted). The court should grant a motion for voluntary dismissal "[a]bsent 'legal prejudice' to the defendant." *Id.* (citation omitted). When determining "legal prejudice," the court considers the novelty of the circumstances of the case. *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). Relevant factors include the following: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id.* (citing *Phillips U.S.A., Inc. v. Allflex U.S.A., Inc.*, 77 F.3d 354, 358 (10th Cir. 1996)). The factors are not exclusive; the court should also consider any other relevant factors. *Id.* (citing *Phillips U.S.A., Inc.*, 77 F.3d at 358). The bottom line is that the court should seek substantial justice for all parties. *Id.* (citing 9 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2364, at 278 (2d ed. 1994)). With this underlying goal in mind, the court considers the equities facing both the plaintiff and the defendant. *Id.* (citing Wright and Miller, Federal Practice and Procedure § 2364, at 278). The court does not consider its own time or effort spent on the case. *Id.* (citing *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993)).

Under Rule 41(a)(2), the court may impose terms upon the voluntary dismissal of a party's claim, such as payment of attorneys fees or a limitation on the refiling of certain claims. *See Gonzales v. City of Topeka Kan.*, 206 F.R.D. 280, 283 (D. Kan. 2001) (citing Wright & Miller, Federal Practice and Procedure § 2366, at 305–314 (1995)). "Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action." *Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) (citations omitted).

## II. Discussion

The court will examine the factors for dismissal identified above.

### A. Defendant's Effort and Expense in Preparing for Trial

Plaintiff filed this case on April 8, 2011. Under the case's Scheduling Order entered June 20, 2011, plaintiff was to disclose her expert witnesses by December 1, 2011. On December 1, 2011, Judge O'Hara extended this deadline—at the unopposed request of plaintiff—to January 16, 2012. The parties are to complete all discovery by May 21, 2012. The final pretrial conference is set for June 19, 2012, and the case is set on a trial calendar beginning on January 7, 2013.

When plaintiff did not serve her expert disclosures by January 16, 2012, defendant prepared a motion for summary judgment and filed the motion with a memorandum in support. The brief sets out five proposed uncontroverted facts, a short procedural history, and an argument covering about three pages. The sole basis for defendant's motion is that the court should grant judgment in his favor because plaintiff failed to designate an expert, and Kansas law requires expert testimony in a medical malpractice suit.

Two facts regarding defendant's effort and expense in preparing for trial weigh slightly in favor of denying plaintiff's motion: (1) defendant filed a summary judgment motion and (2) the parties have conducted some discovery. But all other facts pertaining to defendant's effort weigh in favor of granting plaintiff's motion. The case has not yet been on file for a year. The parties have not completed discovery, and trial is over ten months away. While defendant went to the effort of preparing a motion for summary judgment, that effort does not appear to be extensive or time-consuming. Under these circumstances, the court will not find the mere fact that defendant filed a summary judgment motion to be independently sufficient to establish legal prejudice. *But see*

*Saviour v. Revco Discount Drug Centers, Inc.*, 126 F.R.D. 569, 571 (D. Kan. 1989) (citing *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986)) (suggesting that merely filing a summary judgment motion is enough to establish legal prejudice, but also considering other factors). The court finds that this factor weighs in favor of granting plaintiff's motion to dismiss.

**B.     Excessive Delay and Lack of Diligence by Plaintiff**

Plaintiff represents that prior to the January 16, 2012 deadline, her counsel contacted defense counsel in an attempt to settle the case. She represents that she did not file a second motion for extension of time or a motion to voluntarily dismiss her claims before the deadline because she thought that doing so might stifle settlement efforts.

Defendant, on the other hand, points out that plaintiff showed a lack of diligence because she allowed the expert deadline to pass and failed to file her motion to voluntarily dismiss the case until after defendant filed his motion for summary judgment.

Both of defendant's points are true. But plaintiff has also offered a reason for her actions (although the court prefers to see motions for extension of time rather than missed deadlines). And defendant filed his summary judgment motion barely one week after the deadline passed. Plaintiff then filed her motion to voluntarily dismiss the case the following day. The court finds neither excessive delay nor lack of diligence by plaintiff, and this factor weighs in favor of granting plaintiff's motion.

**C.     Insufficient Explanation of the Need for Dismissal**

Plaintiff has offered a sufficient explanation of the need for dismissal: to gain additional time to procure her expert's report. Defendant cites *Saviour v. Revco Discount Drug Centers, Inc.* to argue that this explanation is insufficient. But *Saviour* is distinguishable on its facts. In *Saviour*, the

plaintiff filed her lawsuit in September 1987. 126 F.R.D. at 570. The plaintiff's expert deadline was July 1, 1988. *Id.* But as of the date of the opinion—June 28, 1989—plaintiff had not yet provided expert information. *Id.* The plaintiff stated that she was having trouble retaining an expert because "professionals are reluctant to testify against a colleague." *Id.* at 571. The court noted, "This case is almost three years old. If plaintiff has been unable to procure an expert witness in that length of time, it is doubtful that she will be able to locate one in the next six months." *Id.*

Plaintiff's delay here is much less egregious. The case has not been pending as long, and plaintiff represents that she has an expert; she has just had difficulty obtaining the report. In fact, she suggests that, in the event the court elects not to dismiss the case, thirty days would be sufficient to make her disclosures. (Doc. 30 at 3.) *Saviour* does not require denial of plaintiff's motion under these circumstances.

**D.    Present Stage of Litigation**

As mentioned above, this case has been pending for less than a year and trial is over ten months away. The parties have exchanged some initial discovery. The early stages of this case support dismissal as an option.

**E.    Other Relevant Factors**

Defendant cites *Phillips USA v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996) for the proposition that "[a] party may not avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice." (Doc. 32 at 2.) This is generally true. But defendant neglects to consider that, because of the circumstances of this case, the court might be more inclined to deny his motion and grant plaintiff additional time to designate an expert, if the court considered his motion on its merits. This case does not present such an egregious violation of a deadline that judgment in

defendant's favor would be a just resolution of the case based solely on plaintiff's missed deadline. To do so would effectively sanction plaintiff for failure to comply with a court order, and such sanction would be unnecessarily harsh under the circumstances.

### III.  Conclusion

After weighing all of the above factors, the court determines that the interests of justice will best be served by granting plaintiff's motion. The court should grant a voluntary motion for dismissal absent legal prejudice, and the court finds no legal prejudice in this case. The court will not impose any terms on the dismissal of plaintiff's claims.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Voluntarily Dismiss or in the Alternative Motion to Extend Deadline to Designate Expert Witness (Doc. 30) is granted. The case is dismissed without prejudice.

Dated this 5th day of March 2012, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**